IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) | No. 81861-9 |
| DYLAN JAMES DOWNEY | ) ) | DIVISION ONE |
| Petitioner. | ) ) ) | UNPUBLISHED OPINION |

ANDRUS, A.C.J. – Dylan James Downey filed this personal restraint petition (PRP) alleging that the conditions of his confinement in prison were unconstitutional due to the Department of Correction's (DOC) failure to protect him from the spread of COVID-19. Shortly after filing his petition, however, Downey was released from confinement into community custody. Because this court can no longer provide the relief he requests, we dismiss the petition as moot.

FACTS

In 2020, Downey was incarcerated at the Monroe Correctional Complex (MCC) serving a sentence for vehicular assault. He filed this personal restrain petition on September 14, 2020, in the midst of the COVID-19 pandemic, alleging that the prison's failure to test inmates being introduced to the general population and its lack of proper COVID-19 safety protocols violated the prohibition against cruel and unusual punishment in the state and federal constitutions, the

Washington Law Against Discrimination (WLAD),[1] and the 14th Amendment to the United States Constitution.  Downey sought an order for his immediate release.  DOC filed a response on November 13, 2020, documenting its COVID-19 response plans and policies.

ANALYSIS

To obtain relief through a PRP, a petitioner challenging the conditions of his confinement must show he is being unlawfully restrained under RAP 16.4.  In Pers. Restraint of Williams, No. 99344-1, slip op. at 8 (Wash. Oct. 7, 2021), https://www.courts.wa.gov/opinions/pdf/993441.pdf.  In this case, Downey challenges the constitutionality of his prison conditions and requested that we order his immediate release.  But Downey has since been released from prison into community custody.  Because Downey is no longer in prison and he has obtained the relief he seeks, his petition is moot.  See In Pers. Restraint of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) ("A case is moot if a court can no longer provide effective relief.")

Downey asks us to reach the merits of his case because it involves matters of continuing and substantial public interest.  In deciding whether a case fits within the public interest exception to the mootness doctrine, we consider (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of future recurrence of the question.  In re Det. of M.W., 185 Wn.2d 633, 648, 374 P.3d 1123 (2016).

---

[1] Ch. 49.60 RCW.

While DOC's response to the COVID-19 pandemic is undoubtedly an issue of public importance, the Supreme Court and this court have issued several opinions providing guidance for public officers on substantially similar issues. See Williams, slip op. at 7 (DOC's failure to provide reasonable access to bathroom facilities and running water and access to readily available medical staff violated wheelchair-bound inmate's rights under article I, section 14 of state constitution); Colvin v. Inslee, 195 Wn.2d 879, 467 P.3d 953 (2020) (inmates failed to demonstrate DOC was deliberately indifferent to serious harm from COVID-19 outbreak in violation of 8th Amendment); In Pers. Restraint of Pauley, 13 Wn. App. 2d 292, 466 P.3d 245 (2020) (inmate's conditions of confinement at MCC did not violate 8th or 14th Amendments). In light of these cases, Downey has not demonstrated a need for an authoritative determination for the future guidance of public officers. We thus decline to apply the public interest exception and dismiss Downey's petition as moot.

Andrus, A.C.J.

WE CONCUR: